IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAVID WALKER,

    Plaintiff,

v.

DEPUTY SCHREIBER, *et al*,

    Defendants.

Case No. 1:25-cv-01434-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

    Self-represented Plaintiff David Walker filed this action against Defendants "Deputy Schreiber," "Deputy Fonbuena," Sheriff Dave Daniel, as well as the Josephine County Sheriff's Office. Before the Court is Plaintiff's Application for Leave to proceed *In Forma Pauperis* (IFP (ECF #3) and Plaintiff's Request for Docket Access Accommodations (ECF #5).

    For the reasons below, Plaintiff's Complaint (ECF #1) should be dismissed without prejudice and with leave to file a First Amended Complaint within 30 days. Plaintiff's IFP application (ECF #3) shall be held in abeyance and reconsidered in light of the amended pleading, if one is filed. Failure to file an amended pleading will result in dismissal of the case. The Request for Docket Access (ECF #5) is denied, and Plaintiff is directed to file an Application to Register for CMECF as Self-Represented Party, which can be found on the Court website, <ord.uscourts.gov>.

## DISCUSSION

*a. Factual allegations*

Plaintiff's Complaint (ECF #1) alleges that he was travelling "privately" westbound on Merlin Road, in Josephine County, Oregon. Defendant Deputy Schreiber initiated a stop, citing "speeding," but Plaintiff alleges that he did not have any "radar or other objective speed measurement." Plaintiff asserts that Schreiber "demanded Plaintiff produce a state-issued driver's license. Plaintiff declined, explaining that he was not operating in commerce and that presentation of such a license would constitute compelled contractual consent into the jurisdiction of Oregon's motor vehicle statites." Plaintiff alleges that he was then wrongfully arrested and searched. Plaintiff claims that his motorcycle was also wrongfully seized and towed. Based on these factual allegations, Plaintiff asserts claims for violation of the Administrative Procedure Act, civil rights violations, and "systemic violations."

*b. IFP consideration requires dismissal*

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to state a claim for which the Court is capable of granting relief. While Count 1 of the Complaint purports to allege claims pursuant to the Administrative Procedure Act ("APA"), which allows

for judicial review of the final decisions of federal agencies, it is clear based on the factual allegations that he is actually attempting to state a claim for violations of his civil rights. The Josephine County Sheriff's Office is not a federal agency, and any arrest by the deputies of that office are not subject to judicial review under the APA. *See* 5 U.S.C. §§ 551 *et seq*.

Therefore, turning to Count 2, the Court agrees that Plaintiff's claims are better framed as civil rights violations. However, in order to pursue these claims in federal court, without running afoul of the *Rooker-Feldman* Doctrine or the *Younger* Abstention Doctrine, Plaintiff must be able to allege that the state court proceedings arising out of his search and seizure, and his arrest, have concluded in his favor.

The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *See Ignacio v. Judges of US Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceedings." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). Younger abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Therefore, to avoid running afoul of these two doctrines, Plaintiff must properly allege that whatever state court proceeding was initiated based on the incident with these defendants and Plaintiff's subsequent arrest, 1) has concluded, and 2) concluded in his favor. If the state court proceedings have not concluded, then *Younger* abstention requires that this Court not interfere with those proceedings while they are on-going.

If the proceedings have concluded but did not resolve in Plaintiff's favor – with either a dismissal of the case, or a Not Guilty verdict, then this Court cannot disturb that state court judgment. Plaintiff must appeal any final state court judgment to the Oregon Court of Appeals. If no state court proceedings took place, Plaintiff may allege that instead.

Additionally, Plaintiff's argument that he has a "right to travel without being compelled into commercial contracts" is unavailing. Such a contention is not based on any constitutional principle, nor on reality. A deputy who has reasonable suspicion and stops a motor vehicle on a public road and asks to see a valid driver's license is not "compelling contractual consent into the jurisdiction of Oregon's motor vehicle statutes." The United States Supreme Court has recognized a law enforcement officer's authority to ask for a valid driver's license during a traffic stop:

> Beyond determining whether to issue a traffic ticket, an officer's mission includes "ordinary inquiries incident to [the traffic] stop." *Caballes*, 543 U.S., at 408, 125 S.Ct. 834.
>
> Typically, such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *See Delaware v. Prouse*, 440 U.S. 648, 658–660, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). *See also 4 W. LaFave, Search and Seizure* § 9.3(c), pp. 507–517 (5th ed. 2012). These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly.

*Rodriguez v. United States*, 575 U.S. 348, 355 (April 21, 2015).

As a self-represented party, Plaintiff is entitled to notice of the deficiencies of his complaint and an opportunity to amend and cure them, if possible. Therefore, Plaintiff's Complaint is dismissed without prejudice and with leave to file a First Amended Complaint within 30 days. If Plaintiff choses to amend his complaint, he should take care to cure the

5 – OPINION AND ORDER

deficiencies identified above. Failure to file a First Amended Complaint, or failure to cure the deficiencies identified will result in dismissal of the case.

    *c. Plaintiff's Request for Docket Access is denied.*

Plaintiff's Request For Docket Access (ECF #5) is denied. The Court understands that the lack of access to the docket can create a hardship for self-represented parties, and the Court has a process whereby these parties can apply for CMECF registration. Therefore, Plaintiff is directed to file an Application to Register for CMECF as Self-Represented Party, which can be found on the Court website, <ord.uscourts.gov>. The drop-down menu with resources for self-represented parties appears when the user clicks on the three small white lines in a stack on the top left of the screen. Then, click on "Representing Yourself." The page has many resources to assist self-represented parties, and the form for CMECF registration is near the bottom, under the heading "Electronic Filing." Plaintiff should fill out the Application, as well as review the CM/ECF User Manual.

Finally, the Court will consider extending the deadline to submit a First Amended Complaint, if that would assist the Plaintiff. He should contact the Court in writing to request such an extension.

## ORDER

Plaintiff's Request for Docket Access (#5) is denied, pending his completion of an Application to Register for CM/ECF. Plaintiff's Complaint is dismissed for failure to state a claim for relief. The dismissal is without prejudice, and Plaintiff is granted leave to file a First Amended Complaint within 30 days, if he can cure the deficiencies identified. Failure to file amended pleadings, or failure to cure the deficiencies identified, could result in dismissal of the

case with prejudice. Plaintiff's Application for IFP status is held in abeyance, and will be considered if Plaintiff files an amended complaint that states a claim for relief.

It is so ORDERED and DATED this 16 day of September, 2025.

MARK D. CLARKE
United States Magistrate Judge

7 – OPINION AND ORDER