**Oscar R. Duyck, OSB #255171**
Email: duyck@fdfirm.com
**Thomas F. Armosino, OSB #911954**
Email: armosino@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 East Barnett Road
Medford, OR 97504
Phone: (541) 779-2333
Fax: (541) 779-6379
*Attorneys for Defendants*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **DAVID WALKER,** | Case No. 1:25-cv-01434-CL |
| Plaintiff, | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **JOSEPHINE COUNTY SHERIFF'S OFFICE; SHERIFF DAVE DANIEL**, in his official capacity; et al**., DEPUTY SCHREIBER (#51745); DEPUTY FONBUENA (#62264),** | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

On March 5, 2026, Counsel conferred on Defendants' Motion for Summary Judgment

pursuant to LR 7-1. Counsel were unable to resolve the issues that Defendants brought in this Motion.

## FACTUAL BACKGROUND

Since the parties have not engaged in discovery, the following factual background assumes

that Plaintiff's factual allegations are true. On August 15, 2023, Plaintiff was driving his motorcycle

Page 1 - **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

on Merlin Road when Deputy Schreiber activated his emergency lights and stopped him. Although Plaintiff's First Amended Complaint is silent as to why, his initial Complaint specified that Deputy Schreiber pulled him over for exceeding the speed limit.[1] When Deputy Schreiber requested Plaintiff's driver's license, he responded that he was "exercising his constitutional right to travel." Notably, Plaintiff does not allege that he produced a license, that he was driving with a license, or that he had a license, and his initial Complaint specified that he refused to produce a license. Deputy Schreiber then "twisted Plaintiff's wrist [and] attempted to topple him and his motorcycle down an embankment." Deputies Schrieber and Fonbuena handcuffed Plaintiff, searched his pockets, seized unidentified property, and arranged for Plaintiff's motorcycle to be towed. Several days later, Plaintiff submitted a public records request using the County's Records Request Form, but he received no responsive records.

## RELEVANT PROCEDURAL HISTORY

In the Opinion and Order dated September 16, 2025 ("September Opinion"), this Court dismissed Plaintiff's initial Complaint. As relevant here, the Court explained that Plaintiff does not have a constitutional right to travel without being compelled to produce his driver's license to law enforcement. The Court quoted *Rodriguez v. United States*, 575 U.S. 348, 555 (2015) for the principle that a law enforcement officer's request to see a driver's license is an ordinary and constitutionally permissible inquiry.

/ / /

/ / /

---

[1] Plaintiff's initial complaint does *not* allege that he was *not* speeding.

Page 2 -  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## I.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts five claims under Section 1983 for alleged violations of his constitutional rights by the Josephine County Sheriff's Office (the "County") and Josephine County Sheriff Dave Daniel, Deputy Schreiber, and Deputy Fonbuena (collectively, the "Individual Defendants"). For the following reasons, the Court should enter Judgment in Defendants' favor against all of Plaintiff's claims.

### A.  STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). A material fact is one which is required to establish a basic element of a claim. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The failure to establish a material fact essential to an element "necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986).

### B.  ARGUMENT

Plaintiff asserts claims under Section 1983 for violations of his Fourth and Fourteenth Amendment rights against the County and the individual Defendants. *See Monell v. Dept. of Soc. Servs. Of City of New York,* 436 U.S. 658, 694 (1978) (municipal bodies may be liable for constitutional deprivations when they are the result of the municipal body's policy or practice); *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996), *cert. denied,* 520 U.S. 1117 (1997), *modified on other grounds by Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001) (same).

All of Plaintiff's Section 1983 claims fail because, as a matter of law, there was no constitutional deprivation. There is no genuine dispute that Plaintiff refused to produce a driver's

Page 3 - **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

license when he was pulled over by Deputy Schreiber for speeding, which gave Deputy Schreiber reasonable suspicion to pull Plaintiff over. *See United States v. Lopez-Soto,* 205 F.3d 1101, 1104-05 (9th Cir. 2000) (evidence of traffic violation provides sufficient reasonable suspicion to stop a vehicle). As this Court already explained in its September Opinion, a law enforcement officer does not violate a person's constitutional rights by requesting to inspect his or her driver's license. Moreover, Oregon law permits law enforcement officers to impound a vehicle when the officer has probable cause to believe that the driver does not have a license. ORS 809.720(1)(c). In *Iler v. Southwick,* 2008 U.S. Dist. LEXIS 97760 at *6 (D. Or. Dec. 1, 2008), this Court held that the impoundment of an unlicensed driver's vehicle under ORS 809.720(1) did not violate the driver's Fourth Amendment right against unreasonable seizure. Plaintiff's admissions that he was pulled over for speeding and refused to provide his license necessarily means that Deputy Schreiber had reasonable suspicion to justify pulling Plaintiff over and probable cause to believe that Plaintiff was driving without a license. As a result, the impoundment of Plaintiff's vehicle did not deprive Plaintiff of his Fourth Amendment right against unreasonable search and seizure as a matter of law.

Plaintiff was not deprived of his Fourteenth Amendment right to due process, either. ORS 809.716 provides:

(1) A person entitled to lawful possession of a vehicle impounded under ORS 809.720 may request a hearing to contest the validity of the impoundment. A request must be made within five calendar days after the date that notice of the impoundment is mailed, as evidenced by the postmark, not including Saturdays, Sundays or holidays. The request shall be made to a person designated by the impounding agency to receive such requests.

(2) When a timely request for a hearing is made, a hearing shall be held before a hearings officer designated by the impounding police agency. The hearing shall be set for four calendar days after the request is received, excluding Saturdays, Sundays and holidays, but may be postponed at the request of the person asking for the hearing.

Page 4 -  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

(3) The impounding police agency shall have the burden of proving by a preponderance of the evidence that there were reasonable grounds to believe that the vehicle was being operated in violation of ORS 806.010, 807.010, 811.175, 811.182 or 813.010. The police officer who ordered the vehicle impounded may submit an affidavit to the hearings officer in lieu of making a personal appearance at the hearing.

(4) If the hearings officer finds that the impoundment of the vehicle was proper, the hearings officer shall enter an order supporting the removal and shall find that the owner or person entitled to possession of the vehicle is liable for usual and customary towing and storage costs. The hearings officer may also find the owner or person entitled to possession of the vehicle liable for costs of the hearing.

(5) If the hearings officer finds that the impoundment of the vehicle was improper, the hearings officer shall order the vehicle released to the person entitled to possession and shall enter a finding that the owner or person entitled to possession of the vehicle is not liable for any towing or storage costs resulting from the impoundment. If there is a lien on the vehicle for towing and storage charges, the hearings officer shall order it paid by the impounding police agency.

(6) A police agency may contract with another agency or entity to conduct hearings under this section.

On these facts, the existence of a statutory process for Plaintiff to contest the validity of the impoundment of his motorcycle is sufficient as a matter of law to defeat his Section 1983 claim for alleged Fourteenth Amendment violations. It is clear from Plaintiff's First Amended Complaint that he takes issue with the impoundment of his motorcycle without a hearing *before* the impoundment. Defendants are aware of no authority, however, holding that the Fourteenth Amendment requires a pre-impoundment hearing. *See Miranda v. City of Cornelius*, 429 F.3d 858, 867 (2005) ("Cases decided by us are cited by Defendants, and previously by the district court in its order, to support the proposition that procedural due process does not require pre-deprivation notice and a hearing before impoundments."); *cf. Long v. Gill*, 981 F. Supp. 2d. 966 (D. Or. Oct. 3, 2013) (holding that a post-impoundment hearing under ORS 809.716 did not satisfy the Fourteenth Amendment because the impounding officer did not appear in person or through an affidavit). Plaintiff alleges neither that he

Page 5 -  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

requested but was denied a hearing, nor that a constitutionally deficient hearing was held. As a result, Plaintiff fails to establish any violation of his Fourteenth Amendment right to due process.

Nor did Deputy Schreiber's "twisting of Plaintiff's wrist and attempt to topple him" violate Plaintiff's Fourth Amendment right to be free from excessive force. To state an excessive force claim under Section 1983, Plaintiff must allege facts showing that the officer's conduct was "objectively unreasonable in light of the facts and circumstances confronting [him]." *See Mihailovici v. Snyder,* 2016 U.S. Dist. LEXIS 13274 (D. Or. Feb. 4, 2016). When evaluating whether force was excessive, courts assess the type and amount of force inflicted and the importance of the government interests at stake, which inquiry considers: "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *See Miller v. Clark County,* 340 F.3d 959, 964 (2003).

Here, the type and amount of force inflicted was minimal. Plaintiff does not allege that he was harmed or injured in any way as a result of his wrist being "twisted." There is no dispute that Plaintiff refused to provide his license, and the clear inference from Plaintiff's First Amended Complaint is that Plaintiff refused to surrender the motorcycle. Thus, even if the Court assumes that Plaintiff did not pose an immediate safety threat, the force inflicted was not objectively unreasonable because the type and amount of force was minimal and, had Deputy Schreiber not forcibly removed Plaintiff from the motorcycle to impound it, Plaintiff would have continued driving it without a license in violation of Oregon law and may have attempted to evade arrest by flight.

Finally, Plaintiff's Fourth Claim fails as a matter of law because, even if it is true that Defendants failed to comply with Oregon's public records law, that failure does not implicate a

Page 6 - **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

constitutional right and, thus, does not fall under Section 1983. *Cortland*, 498 F. App'x at 734; *Susan*, 2025 U.S. Dist. LEXIS 16207 at *4.

## CONCLUSION

Court should grant Defendants' Motion for Summary Judgment because Plaintiff fails to establish any constitutional violation that could give rise to a claim under Section 1983.

DATED this 6TH day of FEBRUARY, 2026.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC,

Oscar R. Duyck, OSB #255171
duyck@fdfirm.com
Thomas F. Armosino, OSB #911954
armosino@fdfirm.com
*Of Attorneys for Defendants*

Page 7 -  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served a true copy of the foregoing

**MOTION FOR SUMMARY JUDGMENT** upon:

**David C. Walker**
317 Josephine St.
P.O. Box 1484
Merlin, OR 97532
davowalker45@gmail.com
*Pro Se Plaintiff*

☐     by **mail** in a sealed envelope, with paid postage addressed as indicated above and deposited in the post office at Medford, Oregon.

☐     by **fax** to the fax number indicated above during normal office hours. Proof of such transmission is attached hereto.

☐     by **electronic service** via the Oregon Judicial Department's electronic filing system pursuant to UTCR 21.100.

☒     by **email** as indicated above pursuant to ORCP 9G.

☐     by **hand delivery**, leaving it with said attorney's clerk therein, or with a person apparently in charge thereof, at the office address indicated above.

☐     by **hand delivery** to said attorney directly.

☐     by **overnight courier** in a sealed, prepaid envelope, addressed as indicated above.

DATED this 6th day of MARCH, 2026

FROHNMAYER, DEATHRAGE,
JAMIESON, MOORE, ARMOSINO, &
McGOVERN, P.C.,

BY: _____
Oscar R. Duyck, OSB #255171
Thomas F. Armosino, OSB #911954
*Attorneys for Defendants*

PAGE 1:       CERTIFICATE OF SERVICE