**Oscar R. Duyck, OSB #255171**
Email: duyck@fdfirm.com
**Thomas F. Armosino, OSB #911954**
Email: armosino@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 East Barnett Road
Medford, OR 97504
Phone: (541) 779-2333
Fax: (541) 779-6379
*Attorneys for Defendants*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **DAVID WALKER,** | Case No. 1:25-cv-01434-CL |
| Plaintiff, | **REPLY TO PLAINTIFF'S** |
| v. | **RESPONSE TO DEFENDANTS'** |
| | **MOTION FOR SUMMARY** |
| **JOSEPHINE COUNTY SHERIFF'S** | **JUDGMENT** |
| **OFFICE; SHERIFF DAVE DANIEL**, in | |
| his official capacity; et al**., DEPUTY** | |
| **SCHREIBER (#51745); DEPUTY** | |
| **FONBUENA (#62264),** | |
| Defendants. | |

## PLAINTIFF'S RESPONSE

In Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff responded with a FRCP 56(d) declaration. (ECF, 33).

## PRO SE ACKNOWLEDGMENT

Defendants acknowledge that Plaintiff proceeds in this matter pro se. Pro se litigants are held to less stringent pleading standards than attorneys. *See Haines v. Kerner,* 404 U.S. 519, 521

Page 1 -   **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

(1972). This includes pro se filings at the summary judgment stage. *See Brisco v. Shinn* 2025 U.S. App. LEXIS 3356 (9th Cir. 2025). (Pro se filings are construed liberally at the summary judgment stage). However, pro se litigants are held to the same procedural requirements as any other litigant. *See Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). ("It is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants").

In this case even with the liberal construction given to pro se plaintiffs in their pleadings, Plaintiff's FRCP 56(d) Declaration does not establish procedurally how the discovery he seeks would meet his burden at the summary judgment stage of litigation. Further, given that Plaintiff has provided no facts to create a genuine material dispute pursuant to FRCP 56, summary judgment in favor of Defendants should be granted.

## ARGUMENT

In this Reply, Defendants make two arguments. First, Defendants argue that Plaintiff's FRCP 56(d) Declaration should be denied because no discovery is needed to determine the legal outcome of this case. Second, Defendants argue that Plaintiff failed to produce any facts that would create a genuine issue of material fact pursuant to FRCP 56(d). For these two reasons, summary judgment should be granted.

**A. No Further Discovery Is Needed**

Pursuant to FRCP 56(d) if a non-movant can show by declaration that for specified reasons it cannot present facts to justify opposition to summary judgment, then the Court can deny or dismiss the moving party's motion. The non-movant must show the following: 1. It has set forth in affidavit from the specific facts it hopes to elicit from further discovery. 2. The facts exist. 3.

Page 2 -   **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

The sought-after facts are essential to oppose summary judgment. *See Cal. On behalf of Cal. Dep't of Toxic Substance Control v. Campbell,* 138 F. 3d 772, 779 (9th Cir. 1998). However, FRCP 56(d) does not prevent the Court from granting summary judgment to a legally insufficient lawsuit just because the non-moving party asks for more discovery.

For a FRCP 56(d) request to survive, the non-moving party must show how the necessary discovery is essential to oppose summary judgment. *See Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 828 (9th Cir. 2008). (This case analyzed plaintiff's affidavit under FRCP 56(f)). FRCP 56(f) became FRCP(d) on December 1, 2010, however FRCP 56(f) remains authoritative for interpreting FRCP 56(d). *See Commonwealth v. Sebelius,* 674 F.3d 139, 157 (3rd Cir. 2012). In *Family Home & Fin. Ctr.*, the 9th Circuit upheld the District Court denial of a FRCP 56(d) motion when the facts the non-moving sought were only "generically" relevant and not "essential" in opposing summary judgment. *Id.* 827-828.

In Plaintiff's Declaration with the Court, he seeks the following discovery: Plaintiff seeks the departmental policies of the Josephine County Sheriff's Office, the bodycam recordings of Deputies Schreiber and Fonbuena, as well as dash-cam footage, dispatch recordings, CAD reports, and radar. (ECF, 33). This discovery will not assist him in asserting his Section 1983 claims against the Defendants.

This discovery is not essential to the core issue of this case. The essential issue in this case is whether Plaintiff was required to show Defendant Schreiber his driver's license. Plaintiff admits he failed to produce a valid driver's license in his FAC. (ECF 8, ¶¶15-17). The entirety of Plaintiff's legal arguments stem from the fact that he refused to produce a driver's license. The production of the bodycam footage, Josephine County Sheriff's Office policies, or the CAD

Page 3 -   **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

reports do not exempt Plaintiff from his statutory duty to carry a driver's license while operating a motor vehicle. Plaintiff's failure to produce a driver's license was a violation of Oregon law. *See* ORS 807.570(1)(b). Even if this discovery was produced, it would not change the fact Plaintiff was required to carry a valid driver's license.

None of these discovery requests are essential for Plaintiff to defeat Defendants' Motion for Summary Judgment. Even after the Court applies a more liberal construction to Plaintiff's FRCP 56(d) Declaration, it is still insufficient as a matter of law. Therefore, summary judgment should be granted to Defendants.

## B. Defendants did not Violate the Constitutional Rights of Plaintiff

Pursuant to FRCP 56, there is no genuine issue of material fact that Plaintiff's claims against Defendants Josephine County Sheriff's Office, Sheriff Daniel, Deputy Schreiber, and Deputy Fonbuena fail as a matter of law. In his Response, Plaintiff did not refute any of the case or statutory law that Defendants cited in support of their argument. Therefore, summary judgment should be granted.

The factual scenario that gave rise to Plaintiff's claim is Plaintiff's refusal to provide Defendants Schreiber and Fonbuena a driver's license. In the Opinion and Order dated September 16, 2025, this Court explained to Plaintiff that he did not have a constitutional right to travel without a driver's license. Further, the Court stated that it is constitutionally permissible for an officer to ask a driver to produce their driver's license. *See Rodriguez v. United States,* 575 U.S. 348, 372 (2015).

ORS 809.720(1)(c) allows officers to impound a driver's vehicle if the officer has probable cause to believe that the driver does not have a license. The District Court of Oregon

Page 4 -    **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

held that this is not a violation of the Fourth Amendment of United States Constitution. *See Iler v. Southwick*, 2008 U.S. Dist. LEXIS 97760 at *6 (D. Or. Dec. 1, 2008). Further as a matter of law, Plaintiff was not denied due process to receive his vehicle pursuant to ORS 809.716. If Plaintiff complied with this statute, he would have had the opportunity to contest this impoundment.

Deputy Schreiber did not use excessive force against Plaintiff. In his Response, Plaintiff failed to provide any facts that showed that Deputy Schreiber's conduct was "objectively unreasonable in light of the facts and circumstances confronting him." *See Mihailovici v. Snyder*, 2016 U.S. Dist. LEXIS 13274 (D. Or. Feb. 4, 2016). Defendants argued in their Motion for Summary Judgment that given the circumstances the light restraint placed on Plaintiff was reasonable. Plaintiff failed to provide any facts that dispute that argument.

Furthermore, because there were no underlying constitutional violations committed by Deputies Schreiber or Fonbuena, there is no *Monell* liability against the Josephine County Sheriff's Office. Further, because there were no underlying constitutional violations committed by Deputies Schreiber and Fonbuena, the supervisory liability claims against Defendant Daniel also fails.

Finally, Plaintiff's Section 1983 for statutory non-compliance is not a recognized legal claim. Plaintiff's Response provided no authority to the Court to the contrary. This claim should also be dismissed.

/ / /

/ / /

/ / /

Page 5 -   **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## CONCLUSION

For the aforementioned reasons, Defendants' Motion for Summary Judgment should be granted.

DATED this 30th day of March 2026.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC,

Oscar R. Duyck, OSB #255171
duyck@fdfirm.com
Thomas F. Armosino, OSB #911954
armosino@fdfirm.com
*Of Attorneys for Defendants*

Page 6 -   **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

**FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served a true copy of the foregoing

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** upon:

**David C. Walker**
317 Josephine St.
P.O. Box 1484
Merlin, OR 97532
davowalker45@gmail.com
*Pro Se Plaintiff*

    ☐    by **mail** in a sealed envelope, with paid postage addressed as indicated above and deposited in the post office at Medford, Oregon.

    ☐    by **fax** to the fax number indicated above during normal office hours. Proof of such transmission is attached hereto.

    ☒    by **electronic service** via the Oregon Judicial Department's electronic filing system pursuant to UTCR 21.100.

    ☒    by **email** as indicated above pursuant to ORCP 9G.

    ☐    by **hand delivery**, leaving it with said attorney's clerk therein, or with a person apparently in charge thereof, at the office address indicated above.

    ☐    by **hand delivery** to said attorney directly.

    ☐    by **overnight courier** in a sealed, prepaid envelope, addressed as indicated above.

DATED this 30th day of MARCH, 2026

FROHNMAYER, DEATHRAGE,
JAMIESON, MOORE, ARMOSINO, &
McGOVERN, P.C.,

BY: _____
*Oscar R. Duyck, OSB #255171*
*Thomas F. Armosino, OSB #911954*
*Attorneys for Defendants*

PAGE 1:    CERTIFICATE OF SERVICE